IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOE LEWIS MOORE,** | : | |
| Petitioner, | : | **CIVIL NO. 1:CV-04-1812** |
| | : | |
| v. | : | **(Judge Kane)** |
| | : | |
| **COMMONWEALTH OF** | : | |
| **PENNSYLVANIA, et al.,** | : | |
| Respondents. | : | |

## **M E M O R A N D U M**

### **I.     Introduction**

Petitioner, Joe Lewis Moore, commenced this pro se action with a petition for writ of habeas corpus (Doc. 1) filed pursuant to 28 U.S.C. § 2254.  Petitioner alleges violations of his civil rights and due process rights in violation of the United States Constitution and the Constitution of the Commonwealth of Pennsylvania.  Respondents filed a partial answer to the petition, by permission (Doc. 14), claiming that the petition is time-barred and that Petitioner was no longer in custody.  Subsequently, Petitioner filed a document titled "Status of Petitioner" (Doc. 15), which the Court will construe as a traverse.  The petition is ripe for disposition.  For the following reasons, the petition will be dismissed as untimely.

### **II.    Background**

The facts are undisputed.  On September 10, 2001, Petitioner pled guilty to one count of aggravated assault in the Court of Common Pleas of Dauphin County, Pennsylvania.  (Doc. 13, Ex. A at 3.)  As a result of his plea, Petitioner was sentenced to eleven and a half (11 ½) to twenty-three (23) months imprisonment, together with a $500 fine and costs of prosecution.  Petitioner did not file a direct appeal.

On January 18, 2002, Petitioner filed a petition for relief under Pennsylvania's Post

Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. § 9541 et seq. By Order dated March 5, 2002, the petition was denied. (Doc. 13, Ex. B). Petitioner appealed, and by Order dated August 21, 2002, the Pennsylvania Superior Court quashed the appeal as untimely. (Id. Ex. C). Thereafter, the Pennsylvania Supreme Court denied Petitioner's petition for allowance of appeal on December 18, 2002 (Id., Ex. D). The instant petition ensued. Respondent argues that the present action should be dismissed as untimely. The court agrees.

## III.    **Discussion**

On April 24, 1996, President Clinton signed into law the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). Title I of the AEDPA consists of the Habeas Corpus Reform Amendments ("1996 Amendments"). Under the 1996 Amendments, Petitioner must demonstrate the following elements before a federal court may consider a habeas petition: (1) state remedies have been exhausted, and (2) the petition must be filed within the statutory deadline. "[T]he statute of limitations (which is the issue before us in this case) and the exhaustion doctrine (which is not) impose entirely distinct requirements on habeas petitioners; both must be satisfied before a federal court may consider the merits of a petition." Sweger v. Chesney, 294 F.3d 506, 518 (3d Cir. 2002), (quoting Tillema v. Long, 253 F.3d 494, 502(9th Cir. 2001).

The provisions of § 2244(d)(1) impose a one-year statute of limitations on all habeas applications by persons "in custody pursuant to the judgment of a State court...", which runs from "the latest of -- (A) the date on which the judgment became final . . . (B) the date on which the impediment to filing . . . is removed . . . (C) the date on which the constitutional right asserted was initially recognized . . . or (D) the date on which the factual predicate of the claim or claims

2

presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1).  Under the provisions of § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C.§ 2244(d)(2).

Since Petitioner's PCRA appeal to the Pennsylvania Superior Court was quashed as untimely, it did not toll the one-year statute of limitations.  See Schlueter v. Varner, 384 F.3d 69, 73 (3d Cir. 2004) (untimely petition for collateral relief does not toll statute of limitations).  Regardless, even if the statute of limitations had been tolled during the time his PCRA was pending, the petition was ultimately dismissed by the Pennsylvania Supreme Court on December 18, 2002.  Thus, by the time his current petition was filed in this Court, on August 17, 2004, the one-year limitations period set forth in 28 U.S.C. § 2244(d)(1)(A) had long since expired.  While the Antiterrorism Act's limitations period is subject to equitable tolling, in certain limited circumstances, Miller v. New Jersey State Dep't. of Corrections, 145 F.3d 616, 620 (3d Cir. 1998), the record of this case does not contain any facts that warrant extending the deadline for Petitioner to file in this Court.  Thus, the petition will be dismissed as untimely pursuant to 28 U.S.C. § 2244(d)(1)(A).  An appropriate order follows.

**IV.  Order**

**AND NOW, THIS 31st  DAY OF JANUARY, 2006,** in accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus (Doc. 1) is **DISMISSED** as untimely, pursuant to the provisions of 28 U.S.C. § 2244(d)(1)(A).

2. The Clerk of Courts is directed to mark this case **CLOSED**.

3. Based upon the foregoing, there is no basis for issuance of a certificate of appealability.

S/ Yvette Kane<br>
YVETTE KANE<br>
United States District Judge